IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | Case No. 24-cr-115 (TJK) |
| : | |
| **PHILIP ANDERSON,** : | |
| : | |
| **Defendant.** : | |

## RESPONSE TO RULE 12.3 NOTICE AND MOTION
## *IN LIMINE* TO PRECLUDE PUBLIC AUTHORITY DEFENSE

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this combined response to the defendant's Rule 12.3 notice, ECF No. 30, and motion *in limine* to preclude the defendant from asserting public authority or entrapment-by-estoppel defenses. According to the defendant's notice, he intends to "assert a defense of actual or believed exercise of public authority" by President Trump. ECF No. 30 at 1. However, this Court should prohibit the defendant from making such arguments or attempting to introduce evidence that former President Trump or any other official gave him permission to enter the U.S. Capitol grounds or engage in any criminal conduct there—a public authority defense or "entrapment-by-estoppel" defense.

As courts in this district have explained, the entrapment-by-estoppel and public authority defenses are closely related and derive from a constitutional prohibition against "convicting a citizen for exercising a privilege which the State had clearly told him was available to him." *United States v. Sheppard*, No. 21-cr-203, 2022 WL 17978837 at *7 (D.D.C. Dec. 28, 2022) (quoting *Cox v. Louisiana*, 379 U.S. 559, 571 (1965)). However, both defenses are narrow, and a defendant can only use them if he meets rigorous evidentiary requirements. *See United States v. Alvarado*, 808 F.3d 474, 484–85 (11th Cir. 2015) ("[A] defendant will not be allowed to assert the [public

authority] defense, or to demand the jury be instructed on it, unless he meets certain evidentiary prerequisites."); *United States v. Baker*, 438 F.3d 749, 755 (7th Cir. 2006) ("The [entrapment-by-estoppel] defense is a narrow one."). To succeed on an entrapment-by-estoppel claim, a defendant must prove:

1. That a government agent actively misled him about the state of the law defining the offense;

2. That the government agent was responsible for interpreting, administering, or enforcing the law defining the offense;

3. That the defendant actually relied on the agent's misleading pronouncement in committing the offense; *and*

4. That the defendant's reliance was reasonable in light of the identity of the agent, the point of law misrepresented, and the substance of the misrepresentation.

*United States v. Chrestman*, 525 F. Supp. 3d 14, 31 (D.D.C. 2021) (J. Howell) (quoting *Cox*, 906 F.3d at 1191). A similar four-part analysis applies for the public authority defense:

[A]n individual (1) reasonably, on the basis of an objective standard, (2) relies on a (3) conclusion or statement of law (4) issued by an official charged with interpretation, administration, and/or enforcement responsibilities in the relevant legal field.

*Sheppard*, 2022 WL 17978837 at *8 (quoting *United States v. Barker*, 546 F.2d 940, 955 (D.C. Cir. 1976)). Common between these standards is, among other things, that a government official must offer a statement of the law.

The defendant cannot argue that, in urging supporters to go toward the Capitol, former President Trump made any "statement of law." As courts in this district have observed, "President Trump neither stated nor implied that entering the restricted area of the Capitol grounds and the Capitol building . . . was lawful." *Sheppard*, 2022 WL 17978837 at *9. Rather:

[Trump]'s speech simply suggests that it would be an act of "boldness" to "stop the steal." Thus, allowing [the defendant's] reliance on these words would be an instance of allowing "following orders, without more, [to] transform an illegal act into a legal one"—something the D.C. Circuit has unequivocally declined to do.

2

*Id.* (quoting *United States v. North*, 910 F.2d 843, 879 (D.C. Cir. 1990) (per curiam), *opinion withdrawn and superseded in part on reh'g*, 930 F.2d 940 (D.C. Cir. 1990)).

Even if former President Trump *had* made a statement about the law, allowing such a statement to immunize the defendant's conduct would raise serious constitutional concerns. As Judge Howell observed when considering another January 6 defendant's attempt to raise an entrapment-by-estoppel defense, "No American President holds the power to sanction lawless actions because that would make a farce of the rule of law." *Chrestman*, 525 F. Supp. 3d at 32. To allow an entrapment-by-estoppel or public authority defense in this case based on President Trump's statements would implicate both the Take Care clause of the constitution and the presidential oath of office, and more fundamentally question the nature of the rule of law in America. *Cf. United States v. Eicher*, No. CR 22-38 (BAH), 2023 WL 3619417, at *3 n.4 (D.D.C. May 23, 2023) (acknowledging the risk in permitting a defense that would "shield from prosecution criminal conduct undertaken at the mere insinuation of a king—or in this case, a president").

Although *Chrestman* focused on the statements of President Trump, its reasoning applies equally to any argument that law enforcement or other officials gave the defendant permission to enter Capitol grounds and engage in criminal conduct therein. The government acknowledges the possibility that the conduct of law enforcement officers contemporaneously observed by the defendant is relevant to his state of mind on January 6, 2021. However, he should be barred from introducing evidence or arguing in a manner suggesting that any alleged action or inaction on the part of the police made his conduct legal by estoppel. Like the President, a Metropolitan Police Officer or Capitol Police Officer cannot "unilaterally abrogate criminal laws duly enacted by Congress" through his or her conduct. *See Chrestman*, 525 F. Supp. 3d at 33. An officer cannot shield an individual from liability for an illegal act by himself engaging in misconduct or

3

neglecting to enforce the law. The defendant should also be prohibited from introducing officers' alleged actions or inaction that he did not observe, since that conduct cannot be relevant to his state of mind on January 6, 2021.

Courts in this district have considered various defendants' arguments that the former president's words, or the actions of law enforcement, immunized their actions on January 6. To the government's knowledge, all of these arguments have failed. *See, e.g.*, *Sheppard*, 2022 WL 17978837 at *9 (prohibiting defendant from seeking discovery or presenting evidence at trial on entrapment-by-estoppel or public authority defenses); *United States v. Thompson*, No. 21-cr-161 (RBW) (D.D.C. Mar. 23, 2022) (concluding that public authority and entrapment-by-estoppel defenses were not appropriate); *United States v. Grider*, No. 21-cr-022 (CKK), 2022 WL 3030974 at *4 (D.D.C. Aug. 1, 2022) (declining to instruct jury on defense of entrapment-by-estoppel); *Chrestman*, 525 F. Supp. 3d at 33 (noting that an entrapment-by-estoppel defense is "highly unlikely" to succeed and declining to consider it as weighing in favor of granting pre-trial release).

For the foregoing reasons, the Court should preclude the defense from making arguments or attempting to introduce evidence in support of any entrapment-by-estoppel or public authority defense.

                                             Respectfully submitted,

                                             MATTHEW M. GRAVES
                                             United States Attorney
                                             D.C. Bar No. 481052

By:    */s/ Nathaniel K. Whitesel*
        NATHANIEL K. WHITESEL
        Assistant United States Attorney
        DC Bar No. 1601102
        601 D Street NW
        Washington, DC 20530
        (202) 252-7759
        nathaniel.whitesel@usdoj.gov